IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MCQUEEN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AMERICAN EXPRESS CENTURION BANK, et al.,<br><br>　　　　Defendants. | No. C 12-2550 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**Re: Docket No. 16** |

## INTRODUCTION

Plaintiff Deborah McQueen (Plaintiff) brings this case under the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA) related to a debt collection action brought by Defendant American Express Centurion Bank (Defendant) in state court. Currently pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). Pursuant to Civil Local Rule 7-1(b), the Court finds a hearing on this matter unnecessary. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

## BACKGROUND

On July 13, 2011, Defendant, represented by Zwicker & Associates, P.C., filed a complaint against Plaintiff in Alameda County Superior Court seeking $13,161.49 in damages against Plaintiff for an outstanding balance she owed on her account with Defendant. Def.'s Req. for Jud. Not.

(RJN), Ex. 1, Dkt. No. 17.[1]  On December 13, 2011, Plaintiff filed an answer, along with an accompanying declaration. *Id.*, Ex. 2.  The court held a trial on May 18, 2012, and entered judgment against Plaintiff on May 29, 2012.  *Id.*, Ex. 3.  On August 31, 2012, Plaintiff filed a motion to vacate the judgment on the grounds that she was not served with the entry of judgment, which has been set for hearing on November 30, 2012.  *Id.*, Exs. 3, 4.

Plaintiff filed this action on May 17, 2012 with American Express Centurion Bank as the sole Defendant.  Compl., Dkt. No. 1.  In her original Complaint, Plaintiff denied having any contractual agreement with Defendant and, even if she did have an agreement, alleged that Defendant's collection actions violated the FDCPA and FCRA.  *Id.* at 2.  Plaintiff subsequently amended her complaint on September 18, 2012.  First. Am. Compl. (FAC), Dkt. No. 13.  The FAC contains the same allegations, but includes three attorneys at Zwicker & Associates, P.C. - Martin Hoffman, Brian Minh Ngo, and Janet Lorraine Brown - as Defendants, alleging that they are third party debt collectors.  *Id.* at 2.

Defendant filed the present Motion to Dismiss on October 8, 2012.  Dkt. No. 16.  Plaintiff filed her Opposition on October 22, 2012 (Dkt. No. 31), and Defendant filed its Reply on October 24, 2012 (Dkt. No. 29).

**DISCUSSION**

In its motion, Defendant argues that, because Plaintiff's claims in the present case are related to the transactions alleged in the state collection action, she was required to bring them as a compulsory cross-complaint in that action.  Def.'s Mot. at 1.  By failing to do so, Defendant argues that Plaintiff has waived these claims.  *Id.*  In the alternative, Defendant argues that even if Plaintiff's FAC were procedurally sound, it fails to state any cause of action against Defendant under the FDCPA because (I) the FAC has not alleged any details about Defendant's alleged unlawful acts,

---

[1] Pursuant to Federal Rule of Evidence 201, the Court has reviewed and takes judicial notice of the following documents in Defendant's RJN: (1) Complaint filed on June 13, 2011, in the action titled *American Express Centurion Bank v. Deborah McQueen*, case number VG11580156, in the State of California Superior Court, Alameda County (the state court action); (2) Plaintiff's answer in the state court action, filed on December 18, 2011; (3) the docket in the state court action; and (4) the Notice of Motion and Motion to Vacate Judgment, filed in the state court action on August 31, 2012.

1  (ii) a claim cannot be stated against persons collecting their own debts; and (iii) the damages
2  Plaintiff seeks to recover are too speculative. *Id.* Defendant further argues that Plaintiff's FCRA
3  claims fail because there is no private right of action. *Id.*

4  In her Opposition, Plaintiff argues that this case "is not about whether Plaintiff owed a debt
5  to [Defendant], as decided in the Collections Case, but about the wrongful actions of [Defendant]
6  and its agents while engaged in collections activities, in violation of Plaintiff's civil rights." Pl.'s
7  Opp'n at 2.

**A.     Legal Standard**

9  A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim
10 upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint,
11 which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch*
12 *LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of
13 Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires
14 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will
15 not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S.
16 265, 286 (1986)).

17 Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must
18 instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A
19 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
20 the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
21 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

22 In reviewing a motion to dismiss, the court may also consider documents attached to the
23 complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation
24 omitted). In addition, the court may consider a matter that is properly the subject of judicial notice,
25 such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

26 If the court dismisses the complaint, it "should grant leave to amend even if no request to
27 amend the pleading was made, unless it determines that the pleading could not possibly be cured by

1 the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this
2 determination, the court should consider factors such as "the presence or absence of undue delay,
3 bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue
4 prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport*
5 *Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**B.     Application to the Case at Bar**

      1.     FDCPA

Because the Court finds the issue of whether Defendant is a debt collector dispositive, it turns to it first.

The primary inquiry in determining whether the FDCPA applies is whether an entity is servicing the debt or collecting the debt. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003). The FDCPA only applies to debt collectors, not creditors. *Schlegel v. Wells Fargo Bank, N.A.*, 799 F.Supp.2d 1100, 1103 (N.D. Cal. 2011) (citation omitted). The reason for this limited application of the FDCPA is to protect consumers against entities that have "no ongoing relationship with the [consumer]" and "no incentive to engender [goodwill] by treating the [consumer] with honesty and respect." *Ruth v. Triumph P'ships*, 577 F.3d 790, 797 (7th Cir. 2009); *see also Schlegel*, 799 F.Supp.2d at 1105. Accordingly, the categories of creditor and debt collector are mutually exclusive for the purposes of "applying the [FDCPA] to a particular debt." *Schlosser*, 323 F.3d at 536; *see also Schlegel*, 799 F.Supp.2d at 1103.

The FDCPA defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A debt collector does not include the consumer's creditors or an assignee of a debt, as long as the debt was not in default at the time it was assigned. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also Schlegel*, 799 F.Supp.2d at 1104-05 (finding that a bank was a

creditor rather than a debt collector because it was still servicing the debt and therefore had motivation to maintain an on-going relationship of "honesty and respect" with the consumer).

Here, it is clear that Defendant was collecting a debt owed to itself. *See* RJN, Ex. 1. Thus, it appears that Defendant is not a debt collector under the FDCPA. In her Opposition, Plaintiff argues that Defendant was not collecting its own debt because her monthly account statement said only "American Express," but Zwicker & Associates represented "American Express Centurion Bank." Pl.'s Opp'n at 5. However, the logo on Defendant's statement is not determinative - affiliated companies and subsidiaries fall within the definition of collecting your own debt. *See, e.g., Frame v. Weltman, Weinberg & Reis*, 2006 WL 1348176, at *2 (N.D. Ohio May 12, 2006) ("As a matter of law, the FDCPA does not apply to creditors, their employees or officers, or their affiliates"); *KPMG Peat Marwick v. Tex. Commerce Bank*, 976 F.Supp. 623, 632 (S.D. Tex. 1997) ("Any claim regarding TCB's conduct on its own behalf is precluded by the statutory definition of 'debt collector,' which excludes 'any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor,' as well as 'any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts'"). Moreover, the state court has already determined that Defendant is entitled to judgment against Plaintiff for the debt incurred. RJN, Ex. 3. Accordingly, this argument is without merit.

Based on this analysis, the Court finds that Defendant is not a debt collector under the FDCPA. Thus, Plaintiff's claim against it must be dismissed.

2. FCRA

Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1681s-2(a) and (b) of the FCRA.[2] As to § 1681s-2(a), "the statute expressly provides that a claim for violation of this requirement can be pursued only by federal or state officials, and not by a private party." *Gorman v. Wolpoff &*

---

[2] Section 1681s-2 governs the duties of a furnishers of information to consumer reporting agencies to provide accurate information.

*Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) (citing 15 U.S.C. § 1681s–2(c)(1)). Plaintiff makes no attempt to dispute this and concedes that her "claims under the FCRA have not satisfied the pleading requirements." Pl.'s Opp'n at 8. As to § 1681s-2(b), a private cause of action is only triggered when a furnisher of information receives a notice of a consumer dispute from a credit reporting agency. *Riefer v. Am. Exp. Co.*, 2011 WL 5080188, at *2 (N.D. Cal. Oct. 25, 2011). Plaintiff has not alleged that Defendant received any such notice and concedes that she has not satisfied the FCRA's requirements. Pl.'s Opp'n at 8. Accordingly, Plaintiff's claim under § 1681s-2(a) of the FCRA must also be dismissed.

## CONCLUSION

Based on the analysis above, the Court hereby GRANTS Defendant's motion to dismiss Plaintiff's claims against it. As leave to amend would be futile, the dismissal is WITHOUT LEAVE TO AMEND. Judgment is entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

Dated: October 25, 2012

MARIA-ELENA JAMES
United States Magistrate Judge